## Thomas Vournakis, Appellee, v. John Maropulos, Appellant.

### Gen. No. 14,480.

1. REVERSAL—*when not awarded upon confession of errors assigned.* If an appellee assigns cross-errors with respect to rulings which he has not saved for review, a confession of such cross-errors by the appellant will not result in reversal.

2. PLEADING—*what counts may be joined.* Counts in case and counts in trespass may, under the Illinois Practice Act, be joined, though they could not at common law.

3. VERDICT—*when excessive.* A verdict for $2,500 rendered in an action for assault is excessive where it appeared that the defendant struck the plaintiff on the head with a bottle inflicting a wound which left a scar but which was attended with no serious consequences.

Tort. Appeal from the Circuit Court of Cook county; the Hon.

MERRITT W. PINCKNEY, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1908.  Reversed and remanded. Opinion filed March 26, 1909.

STEIN, MAYER & STEIN, for appellant.

MAGRUDER, THOMPSON & CANDEE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal from a judgment for $2,500 recovered by appellee against appellant in an action of tort brought against appellant, Choromokas, Nicholochachas, also called Nichols, Trowgus and Konchopulas.  During the trial plaintiff dismissed as to Konchopulas.

The cause of action set out in the first count of the declaration is an assault and battery alleged to have been committed by all of the defendants on the plaintiff, December 17, 1903.  The first additional count alleges malicious prosecution by all of the defendants in causing the defendant, Trowgus, to procure the arrest of the plaintiff on February 5, 1904, for disorderly conduct.  The second additional count alleges malicious prosecution by all of the defendants in causing certain police officers to arrest the plaintiff on February 5, 1905, on a charge of carrying concealed weapons.  The third additional count alleges malicious prosecution by all of the defendants in having caused the defendant, James Nichols, to charge the plaintiff with subornation of perjury and with having procured the arrest of the plaintiff on February 24, 1904, on that charge.

The defendants other than Konchopulas pleaded not guilty.

The court, of its own motion, instructed the jury to find all of the defendants not guilty as to the first and second additional counts, and to find the defendants Nicholochachas and Trowgus not guilty as to the first count.  The court also, at the request of the defend-

ant, instructed the jury to disregard the evidence in support of the first and second additional counts of the declaration under which the court had instructed the jury to find the defendants not guilty. The jury found the defendants Trowgus, Choromokas and Nicholochachas not guilty, and the defendant Maropulos guilty, and assessed plaintiff's damages at $2,500. The plaintiff did not move for a new trial as to the defendants found not guilty. Defendant Maropulos moved for a new trial and the court overruled his motion and entered judgment on the verdict against him.

In this court appellee wrote on the transcript of the record the following:

"And now comes the appellee herein and files cross errors:

First. The court erred in ruling out the ordinance of the city of Chicago, offered by appellee.

Second. The court erred in instructing the jury to disregard all evidence under the first and second additional counts of the declaration herein.

Third. The court erred in instructing the jury to find all the defendants not guilty under the first and second counts of the declaration.

Fourth. The court erred in instructing the jury to find the defendants, James Nicholochacas and P. L. Trowgus not guilty under the first count of the declaration.

Fifth. The court erred in refusing to give proper instructions offered on behalf of the plaintiffs.

MAGRUDER, THOMPSON & CANDEE,<br>Attorneys for Appellee."

and the appellant filed the following:

"And now comes John Maropulos, Appellant herein, by Stein, Mayer & Stein, his attorneys, and not waiving any of the errors heretofore assigned by him; confesses the following cross errors assigned by Appellee herein:

First. The first cross error assigned, which is as follows: 'The Court erred in ruling out the ordinance of the city of Chicago offered by appellee.'

Second.  The second cross error assigned by Appellee, which is as follows: 'The Court erred in instructing the Jury to disregard all evidence under the first and second additional counts of the declaration herein.'

Third.  The third cross error assigned, which is as follows: 'The Court erred in instructing the Jury to find all the defendants not guilty, under the first and second counts of the declaration.' " .

Appellant then moved, "for an order reversing and remanding said cause on the cross errors of appellee and the confession thereof by the appellant," and the motion was reserved to the hearing.

There is in the record no judgment in favor of the defendants who were found not guilty, but only the order denying the motion of Maropulos for a new trial and a judgment against him on the verdict against him.  Appellee has not, as plaintiff in the Circuit Court, saved for review, by this court, the rulings assigned for error in the cross errors here confessed by appellant.  He did not except to the ruling of the court excluding the ordinance, referred to in his first cross error; he did not except to the instructions referred to in his second cross error, nor to the instruction referred to in his third cross error, and he has not, by his assignment of cross errors or otherwise, asked that the judgment against appellant be reversed.  The motion to reverse and remand, by reason of the cross errors assigned by appellee and the confession of certain thereof by appellant, will be denied.

Counts in case and counts in trespass may, under our practice act, be joined though they could not at common law.  Krug v. Ward, 77 Ill. 603.

From the evidence the jury might properly find the defendant Maropulos guilty of the trespass alleged in the first count of the declaration.  The evidence for the plaintiff tended to show that Maropulos struck plaintiff on the head with a bottle, inflicting a wound which left a scar but was attended with no serious

consequences. For this trespass alone the damages awarded by the jury must, we think, be held excessive. If the judgment for $2,500 can be sustained, it must be sustained on the ground that from the evidence the jury might also properly find Maropulos guilty under the third additional count. The complaint on which that count is based was drawn by H. W. McEwen, who was then engaged in the practice of law in Chicago. It was sworn to February 24, 1904, before James C. Martin, a justice of the peace, by the defendant James Nicholas or Nickolochacas. A warrant for the arrest of the plaintiff was issued by Justice Martin.

March 2, 1904, on motion of the defendant a change of venue was granted to Justice Everett, and March 10 the case was heard by Justice Everett and the defendant discharged.

Plaintiff called Maropulos as a witness and asked him whether he did not pay money to Mr. McEwen to prosecute plaintiff in March 1904 and at other times, and he answered that he did not; that he only paid money to Mr. McEwen when he himself was arrested; that he paid McEwen money when he himself was arrested for gambling in his saloon. Asked by plaintiff's counsel, "Did you bring Trowgus, Nickolochacas, Konchopulas and Choromokas to McEwen's office to have them make complaints against Vournakis", he answered, "I don't know anything about it,—only about this case."

Plaintiff also called Mr. McEwen, who testified that he drew the complaint referred to in the third additional count; that he was paid for drawing the same by Nichols; that Maropulos only paid him for services to the charge of gambling against himself and for entering the appearance of defendants in this case and for services in relation to a claim against an insurance company. After many questions had been put to the witness and answered, touching the question whether he had ever been paid money by Maro-

pulos for his services in said prosecution of the plaintiff, the court said, "He may ask him now, after his recollection has been refreshed, whether Maropulos, one of the defendants in this case, ever paid him for services in this prosecution about he has testified", and in answer he said: "No, I don't remember that Maropulos ever paid me anything in connection with these prosecutions".

There is no evidence tending to show that Maropulos advised or counselled Nichols to make the complaint which he made against plaintiff, or that he aided or abetted the prosecution of plaintiff on such complaint. We think the finding of the jury, necessary to support the verdict for $2,500, that plaintiff was guilty under the third additional count of the declaration, must be held to be against the evidence and not supported by sufficient evidence, and that the Circuit Court erred in overruling the motion of the defendant Maropulos for a new trial.

The motion of appellant to reverse on his confession of certain of the cross errors assigned by appellee will be denied, but for the error indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*